Floyd E. Jensen Cheyenne County Attorney 114 East Washington P.O. Box 826 St. Francis, Kansas 67756-0826
Dear Mr. Jensen:
You request our opinion on the application of the pawnbroker statutes to a situation involving a pawnbroker who entered into a contract on August 10, 1994 with an individual whereby the latter borrowed $150 for a thirty day period and pledged two rifles as security for the loan. The borrower attempted to redeem the rifles on November 8, 1994 but the pawnbroker refused to allow the redemption because (according to the pawnbroker) the borrower forfeited his property for failure to renew the thirty day loan on September 10, 1994 and October 10, 1994 by paying the applicable renewal charges. You request an opinion concerning whether K.S.A.16-714 requires that the pawnbroker return the security to the borrower.
K.S.A. 16-714 states, in relevant part, as follows:
 "The loan contract shall set forth the loan period, which shall be one month, the date on which the loan is due and payable and charges, and it shall clearly inform the borrower of his right to redeem the pledge during the redemption period of two months after the due date. Except as otherwise provided herein, the holder of any such contract shall be presumed to be the person entitled to redeem the pledge, and the pawnbroker shall deliver the pledge to the person presenting the contract, upon payment of the principal and charges.
 "Every pawnbroker shall retain in his possession, after the date which the loan became due and payable, every article pledged to him for a redemption period of two months. During such period, the borrower may redeem the pledged articles, upon payment of the principal and charges. It shall be unlawful for any pawnbroker to sell or transfer title or possession of any pledged property until the expiration of such period of redemption.
 "If any pledged article is not redeemed within such redemption period, the pawnbroker shall become vested with all right, title, and interest of the pledgor . . . to hold and dispose of as his own property." (Emphasis added).
K.S.A. 1993 Supp. 16-719 states, in relevant part, as follows:
 "(b) Whenever any loan is made by a pawnbroker for which goods are received in pledge:
 "(1) A charge may be added in an amount not to exceed 10% per month or 120% per annum of the amount advanced to the borrower; and
"(2) The amount of the loan shall not exceed $5,000.
 "(c) The term of any loan made under the provisions of this act shall be one month. Loans may be extended or renewed by the payment of the charges herein provided monthly. The charges authorized herein shall be deemed to be earned at the time that the loan is made and shall not be subject to refund. (Emphasis added).
K.S.A. 16-714 is clear that a borrower has two months from the date the loan is due to redeem the security by paying the principal and any charge(s). If the borrower wishes to renew the 30 day loan for another 30 day period, it is incumbent upon the borrower to pay the monthly charge at the time of the renewal. In short, payment of the monthly charge is the consideration for renewing the loan for an additional 30 days period. Without payment of the monthly charge, there can be no renewal.
In the situation you describe, the borrower did not renew the loan and, therefore, K.S.A. 1993 Supp 16-719(c) has no application. Rather, it is K.S.A. 16-714 that applies to preclude the pawnbroker from retaining the security because the statute gives the borrower two months from the loan due date to redeem the security by paying the loan principal and any charge(s) for the loan. In this case, it is our opinion that K.S.A. 16-714 requires the pawnbroker to return the security to the borrower upon payment of the loan principal and the service charge within two months of the loan's due date.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm